E-FILED
Thursday, 04 November, 2010 08:45:21 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**PEORIA DIVISION**

| | |
|---|---|
| JEFFREY W. WARD, individually, and as Father and Next Friend of G.J.W., a minor, <br><br> Plaintiff, <br><br> v. <br><br> JAMES COHEE, MARY COHEE, and METLIFE, INC., a Delaware Corporation <br><br> Defendants. <br><br> and <br><br> METROPOLITAN LIFE INSURANCE COMPANY, <br><br> Cross-Claimant/ Third Party Plaintiff, <br><br> v. <br><br> JAMES COHEE and MARY COHEE, <br><br> Cross-Defendants, <br><br> TRISHA COHEE and JASON COHEE, <br><br> Third-Party Defendants. | Case No. 10-cv-1256 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion to Remand and Memorandum in Support (Docs. 10 & 11). Defendant timely filed a Response (Doc. 15). For the following reasons, Plaintiff's Motion is DENIED.

## BACKGROUND

On July 1, 2010, Plaintiff filed a Complaint for Constructive Trust in the Circuit Court for the Tenth Judicial District of Illinois, Peoria County, seeking life insurance proceeds on behalf of his minor son GJW from the life insurance policy of Amy Ward, his deceased ex-wife. (Doc. 11-1). Plaintiff seeks a declaratory judgment ordering Defendant Metropolitan Life Insurance Company ("Metropolitan Life"),[1] incorrectly named in Plaintiff's Complaint as Metlife, to pay him the death benefits from Amy Ward's life insurance policy, and enjoining Metropolitan Life from paying the benefits to any named beneficiary. (Doc. 11-1 at 5-6). He also seeks to impose a constructive trust on any life insurance benefits that were previously paid to named beneficiaries, Defendants James and Mary Cohee ("the Cohees"). (Doc. 11-1 at 4). Plaintiff's Complaint is premised upon the Judgment for Dissolution of Marriage of Plaintiff and Amy Ward ("Judgment for Dissolution of Marriage"), which stipulated that each party would maintain their current life insurance policy through their employer, and name their child as the beneficiary. (Doc. 11-1 at 3).

Metropolitan Life was served with the Summons and Complaint on July 20, 2010. (Doc. 4 at 4). On August 17, 2010, it filed a Notice of Removal with this Court. (Doc. 4). According to Metropolitan Life, this action is removable pursuant to 28 U.S.C. § 1331 because the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), governs and completely preempts all state law

---

[1] Metropolitan Life provided a group life insurance policy to Amy Ward through her employer, Merck & Co., Inc.

claims asserted against it in the Complaint. (Doc. 4 at 4). Metropolitan Life stated that the Cohees consented to the removal, although they did not sign the Notice.

On September 15, 2010, Plaintiff filed the instant Motion to Remand. (Doc. 11). Plaintiff argues that 1) the Cohees have not properly consented to removal to this Court, and 2) his claims are not completely preempted by ERISA. (Doc. 10 at 2). On September 21, 2010, Metropolitan Life filed an Exhibit amending its original Notice ("Amendment") containing the Cohees signature and statement that they consented to removal. (Doc. 14). On October 4, 2010, Metropolitan Life filed its Response to Plaintiff's Motion to Remand. (Doc. 15).[2]

## DISCUSSION

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A defendant who wishes to remove must file a notice of removal "containing a short and plain statement of the grounds for removal" within 30 days of being served with the initial complaint. 28 U.S.C. § 1446. Where there are multiple defendants, proper removal requires the unanimous consent of all defendants. *Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010). In the Seventh Circuit, this unanimity requirement dictates that all defendants join in the notice of removal by supporting it in writing. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994). However,

---

[2] On September 14 2010, Metropolitan Life also filed a Third Party Complaint against Jason Cohee and Trisha Cohee and a Cross-Claim against James Cohee and Mary Cohee. (Doc. 6)

3

amendments to correct "defective allegations of jurisdiction" are permitted outside of the 30-day window for removal. 28 U.S.C. § 1653; *Northern Illinois Gas Co. v. Airco Indus.Gases, A Division of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982).

Plaintiff's first argument for remand is that Metropolitan Life has failed to secure the Cohees consent for removal. Metropolitan Life filed a Notice of Removal on August 17, 2010, which was within its 30 day window for removal pursuant to 28 U.S.C. § 1446. (Doc. 4). While the Notice of Removal stated that all defendants, including the Cohees, consented to the removal, the Cohees failed to sign the Notice. (Doc. 4). On September 21, after Plaintiff had filed his Motion to Remand, Metropolitan Life submitted an Amendment. (Doc. 14). This Amendment was a new exhibit containing a letter dated August 13, 2010, which was sent from the attorneys for Metropolitan Life to the Cohees confirming that they consented to removal, per a previous conversation. (Doc. 14). At the bottom of the letter is a handwritten statement, reading, in part, "We join in Met Life's removal of this case!" and signed by James and Mary Cohee. (Doc. 14).

The Court finds that, pursuant to 28 U.S.C. § 1653, this Amendment is sufficient to fulfill the unanimity requirement such that the cause should not be remanded on procedural grounds. *See DeLuca v. Ligget & Myers, Inc.*, No. 00 C 7781, 2001 WL 629398 (N.D. Ill. May 24, 2010); *Save-A-Life Foundation, Inc. v. Heimlich*, 601 F.Supp.2d 1005, 1007 n.1 (N.D. Ill. 2009). Because Metropolitan Life alleged unanimity in its original Notice, and the Amendment clearly shows that the Cohees have explicitly expressed their consent, to hold otherwise would be to

remand the case on a "pointlessly formalistic basis."[3] *DeLuca*, 2001 WL 629389 at *1.

Plaintiff also argues that this case should be remanded because his claim is not preempted by ERISA, and thus this Court does not have original jurisdiction over it. Congress established ERISA "to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). To accomplish national uniformity, ERISA contains two broad preemption provisions which ensure that employee benefit plan regulation remains "exclusively a federal concern." These preemption provisions include conflict preemption under § 514(a), 29 U.S.C. § 1144(a), and complete preemption under § 502(a), 29 U.S.C. § 1132(a).

Complete preemption under § 502(a) "confers exclusive jurisdiction" on federal courts "where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health and Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008). In instances of complete preemption, "federal law has effectively displaced

---

[3] Plaintiff argues that *Andreshak v. Service Heat Treating, Inc.*, 439 F.Supp.2d 898 (E.D. Wis. 2006) supports remand in this case. There, the Eastern District of Wisconsin remanded a cause of action because the removing defendants failed to explain the absence of co-defendants from their Notice of Removal. The Court does not find that *Andreshak* requires a remand here. In that case, the absent co-defendant was not mentioned at all in the notice of removal. *Id.* at 902. Later, that co-defendant filed an affidavit stating that it consented to removal, and had at all times, but the Court deemed that this affidavit was untimely as it was filed after the 30 day window for removal provided for in 28 U.S.C. § 1446. *Id.* Here, Metropolitan Life's Notice of Removal explicitly stated that the Cohees had each been served with a Summons and Complaint and consented to the removal of the action. (Doc. 4 at 4). Thus, unlike the defendants in *Andreshak*, Metropolitan Life explained the Cohees absence – i.e., they consented to the removal being filed. Accordingly, the written statement filed here was not providing a new ground for removal, but was only curing a defect in the removal petition pursuant to 28 U.S.C. § 1653.

any potential state law claims." *Id.* In order to determine whether §502(a) completely preempts a claim, the Court must determine whether the "individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)" and whether "there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc., v. Davila*, 542 U.S. 200, 208 (2004).

ERISA § 502(a)(1)(B) provides that a civil action may be brought "by a participant or beneficiary" in order "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff argues that his claim is not preempted because neither he nor his son is a "participant or beneficiary" of Amy Ward's life insurance policy. (Doc. 11 at 5). He states that although his son should be a beneficiary pursuant to the Judgment of Dissolution of Marriage, Amy Ward failed to name him as such and thus he has no statutory standing to bring an ERISA action against Metropolitan Life. (Doc. 11 at 5). Accordingly, Plaintiff argues, his state law claims should not be preempted.

Under ERISA, a "participant" is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit." § 1002(7). A "beneficiary" is defined as "a person designated by a participant . . . who is or may become entitled to a benefit." 29 U.S.C. § 1002(8). In addition, "[a] person who is an alternate payee under a qualified domestic relations order shall be considered for purposes of any provision of this chapter a beneficiary under the plan." §

6

1056(d)(3)(J). An "alternate payee" is "any spouse, child, or other dependent of a participant who is recognized by a domestic relations order as having a right to receive all, or a portion of, the benefits payable under a plan with respect to such participant." § 1056(d)(3)(K).

In its claim against Metropolitan Life, Plaintiff is, in essence, arguing that GJW is an alternate payee who is entitled to payment under Amy Ward's life insurance plan. (Doc. 11-1 at 5). If GJW is, in fact, an alternate payee who is entitled to payment from the life insurance policy pursuant to the Judgment for Dissolution of Marriage, he would be considered a beneficiary pursuant to § 1056(d)(3)(J). While at this point it is too early to determine whether such claim would be successful on the merits, for jurisdictional purposes, the Court should treat as a beneficiary anyone with a colorable claim to benefits. *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 552 (7th Cir. 1997). Accordingly, because Plaintiff has an "arguable" claim that GJW be treated as a beneficiary, for purposes of determining jurisdiction he will be treated as such. *See id.*

Plaintiff also argues that a legal duty independent of an ERISA plan, namely Amy Ward's legal duty to name GJW as a beneficiary, is at issue here, and thus his claim is not preempted. (Doc. 11 at 5). However, this argument also fails. Plaintiff is not seeking an injunction against Amy Ward to have her name GJW as her life insurance beneficiary. Rather, he is seeking a judgment against Metropolitan Life, ordering it to treat GJW as Amy Ward's beneficiary and enjoining it from paying out benefits to any other named beneficiary. (Doc. 11 at 5-6). Therefore, the only legal duty at issue is whether, based upon the Judgment for Dissolution of

Marriage, Metropolitan Life must treat GJW as the sole beneficiary of Amy Ward's plan. Because there is no independent legal duty at issue and Plaintiff is treated as a beneficiary for jurisdictional purposes, his claim is preempted pursuant to ERISA § 502(a).[4]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 10) is DENIED. This matter is referred to Magistrate Judge Gorman for pre-trial proceedings. IT IS SO ORDERED.

Entered this <u>3rd</u> day of November, 2010.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge

---

[4] The Court notes that Plaintiff's claim for a constructive trust against the Cohees is also preempted by ERISA. *Melton v. Melton*, 324 F.3d 941, 945 (7th Cir. 2003). As in the instant case, in *Melton*, a decedent's minor child brought a state court action seeking to impose a constructive trust upon life insurance proceeds payable to a named beneficiary, arguing that they rightfully belonged to her pursuant to a provision in her parent's divorce decree. *Id.* at 943-44. This Court held that the case was properly removed to federal court, and the Seventh Circuit affirmed, finding that "ERISA preempts Illinois state law with respect to determining the rightful beneficiary of [decedent]'s ERISA-regulated group term life insurance policy." *Id.* at 945.